**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANTHONY HARDEN, # N-90639, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-1091-JPG |
| | ) | |
| SALVADOR GODINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

# <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

This matter is before the Court on a motion for leave to proceed in forma pauperis ("IFP") brought by Plaintiff (Doc. 2). Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $400.00 filing fee in a civil case.[1] *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of

---

[1] A litigant who is granted IFP status must pay a filing fee of only $350.00, as he is not assessed the $50.00 administrative fee for filing an action in a district court. *See* Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  Upon tender of a proper affidavit and certified copy of a trust fund account statement, a prisoner then is assessed an initial partial filing fee of twenty percent of the greater of:  (1) the average monthly deposits to the prisoner's trust fund account; or (2) the average monthly balance in the prisoner's trust fund account for the six-month period immediately preceding the filing of the prisoner's suit.  *See* 28 U.S.C. § 1915(b)(1)(A)-(B).  After payment of an initial partial filing fee, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account.  *See* 28 U.S.C. § 1915(b)(2).  The agency having custody of a prisoner must forward payments from the prisoner's trust fund account to the clerk of the district court where the prisoner's case is pending each time the amount in the account exceeds $10.00 until the filing fee in the case is paid.  *See id.*  Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit.  *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form, but this is not the end of the matter.  Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  The statute provides further that, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1).  Under 28 U.S.C. § 1915,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed in the electronic docket of this Court discloses the following actions brought by Plaintiff while a prisoner seeking redress from officers or employees of a governmental entity that have been dismissed pursuant to 28 U.S.C. § 1915A as being frivolous, or for failure to state a claim upon which relief may be granted: *Harden, et al., v. Washington, et al.*, Case No. 98-cv-391-PER (S.D. Ill., dismissed November 9, 1998); *Harden v. Welborn, et al.*, Case No. 00-cv-126-WDS (S.D. Ill., dismissed June 1, 2000); and *Harden v. Cauthen, et al.*, Case No. 01-cv-312-MJR (S.D. Ill., dismissed Feb. 6, 2004). Because Plaintiff has three "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners

"allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff's complaint, as well as Plaintiff's motion for leave to proceed IFP, are completely devoid of allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury.  Plaintiff claims that he was sentenced to a term of six years in prison, to be followed by three years of parole/mandatory supervised release ("MSR").  He served the required time after application of good conduct credits, was released on MSR, but was then returned to the custody of the Illinois Department of Corrections ("IDOC") after a parole violation (Doc. 1, p. 7).  He now claims that IDOC Director Defendant Godinez has improperly calculated his release date so as to require him to serve 30 more days in prison than Plaintiff believes he should have to serve.  Plaintiff filed a habeas action in state court seeking his release, but that court has not yet issued any order.  In the instant action, he also seeks immediate release, as well as money damages for each day of excessive confinement.

The Court concludes that Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of § 1915(g), thus he cannot proceed IFP in this case.  Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 2) is **DENIED**.  It is **further ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (on or before **December 5, 2013**).  If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).  Plaintiff shall note that the Court has not yet conducted its preliminary review of his complaint pursuant to 28 U.S.C. § 1915A; some or all of his claims may be subject to

dismissal on the merits.

**<u>Litigation History</u>**

In his complaint, Plaintiff answered "No" to the question, "Have you begun any other lawsuits in state or federal court relating to your imprisonment?" (Doc. 1, p. 3).  However, this statement is untrue – three prior lawsuits filed by Plaintiff while he was a prisoner were dismissed under § 1915A, earning him three "strikes."  In addition, examination of the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) shows that he has brought four additional civil cases while he was a prisoner.  It appears that Plaintiff may have filed these other cases while he was serving sentences for previous convictions, and was then released after completing those sentences.  He is now serving time on charges that were filed in 2008.  Nonetheless, any prior lawsuits filed during a prisoner's current or prior incarceration must be disclosed so that the Court may comply with the three-strike restrictions in 28 U.S.C. § 1915(g).

Where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court.  *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal).  Under the circumstances of this case, the Court concludes that dismissal is not required at this time. However, Plaintiff is **WARNED** that if he files any future lawsuit while he is incarcerated, and fails to disclose his three-strike status in his complaint, his case shall be subject to immediate dismissal.

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court

will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED:  November 14, 2013**

_s/ J. Phil Gilbert_____
United States District Judge